UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PETER JAMES WILLIAMS, ET UX

VERSUS

UNITED STATES DEPARTMENT
OF AGRICULTURE, ET AL

CIVIL ACTION

NO. 10-610-JJB-CN

## RULING ON DEFENDANT UNITED STATES DEPARTMENT OF AGRICULTURE'S MOTION TO DISMISS

This matter is before the Court on Defendant United States Department of Agriculture's motion (doc. 8) to dismiss. Plaintiffs filed an opposition (doc. 13). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

On September 14, 2010, Plaintiffs Peter James Williams and Alfreda Rodney Williams filed suit against Defendants, United States Department of Agriculture[1] ("USDA"), and the Board of Directors of Guaranty Bank & Trust Co. ("the Board") (doc. 1). Plaintiffs allege that the USDA and the Board—out of racial animus—colluded to (1) deny Plaintiffs disaster relief and loan assistance; (2) disrupt Plaintiffs' business relationships with suppliers and government contractors by speaking disparagingly about Plaintiffs; and (3) prevent Plaintiffs from correcting the alleged wrongs by denying Plaintiffs' request for arbitration (doc. 1, ¶¶ 1-12).

---

[1] In their complaint (doc. 1), Plaintiffs appear to name Tom Vilsack, Secretary of the United States Department of Agriculture as a defendant. Because Plaintiffs' complaint does not state any claims against Vilsack in his personal capacity, the Court will assume that Plaintiffs purport to state claims against Vilsack in his official capacity.

1

On October 26, 2010, Defendant USDA filed its motion (doc. 8) to dismiss Plaintiffs' claims. Defendant claims that the USDA is entitled to sovereign immunity and that the Court, therefore, does not have jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (doc. 8). On November 8, 2010, Plaintiffs filed their opposition (doc. 13). Plaintiffs assert only that the Board may be sued, but is otherwise silent as to the USDA (doc. 13).

The burden of proving that the court has jurisdiction is on the party asserting the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Absent a waiver, sovereign immunity shields the Federal Government, its agencies and departments and its employees—in their official capacities—from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Williamson v. U.S. Dept. of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987). Without such a waiver, a court has no jurisdiction to entertain a suit against the United States or one of its agencies. *Meyer*, 510 U.S. at 475. Moreover, to be valid, the waiver must be unequivocal, and any agency may not be sued in its own name unless Congress has designated that the agency may be sued. *Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1951).

The United States and its agencies have unequivocally waived sovereign immunity for suits arising under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."). However, the FTCA also requires that an

individual, before filing suit, first present his claim to the appropriate Federal agency and that the claim be denied by the agency in writing. 28 U.S.C. § 2675. Moreover, the FTCA contains numerous exceptions under which the United States or its agencies may not be sued including (1) claims based upon the performance of a discretionary function and (2) claims based upon intentional torts, including libel, slander, deceit or interference with contractual rights. 28 U.S.C. §§ 2680(a) & (h).

The Court finds that the Plaintiff has failed to establish the Court's jurisdiction and that dismissal under Federal Rule of Civil Procedure 12(b)(1) is therefore appropriate. Plaintiffs failed to allege that they first presented their claim to the USDA as required under § 2675 of the FTCA. In addition, Plaintiffs' claims that the USDA improperly denied disaster relief and loan assistance and rejected Plaintiff's requests for arbitration are acts that fall within the "discretionary function" exception to the USDA's waiver of sovereign immunity under the FTCA section 2675(a). Lastly, Plaintiffs' claim that the USDA disparaged Plaintiffs to business associates, thereby disrupting Plaintiffs' business relationships falls within the "intentional tort" exception to the USDA's waiver of sovereign immunity under the FTCA section 2675(h). Therefore, the FTCA does not apply, the USDA has not waived sovereign immunity for purposes of Plaintiff's suit, and this Court lacks jurisdiction.

## **CONCLUSION**

Accordingly, Defendant United States Department of Agriculture's motion (doc. 8) to dismiss each of Plaintiffs' claims against it is hereby GRANTED.

Signed in Baton Rouge, Louisiana, this 6th day of December, 2010.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**