UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PETER JAMES WILLIAMS, ET UX

VERSUS

UNITED STATES DEPARTMENT
OF AGRICULTURE, ET AL

CIVIL ACTION

NO. 10-610-JJB-CN

# RULING ON DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

This matter is before the Court on Defendant Board of Directors of Guaranty Bank & Trust Co., New Roads, Louisiana's motion (doc. 11) to dismiss. Plaintiffs filed an opposition (doc. 14). Oral argument is not necessary. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

On September 14, 2010, Plaintiffs Peter James Williams and Alfreda Rodney Williams filed suit against Defendants, United States Department of Agriculture and the Board of Directors of Guaranty Bank & Trust Co., New Roads, Louisiana ("the Board") (doc. 1). Plaintiffs allege that the USDA and the Board—out of racial animus—colluded to (1) deny Plaintiffs disaster relief and loan assistance; (2) disrupt Plaintiffs' business relationships with suppliers and government contractors by speaking disparagingly about Plaintiffs; and (3) prevent Plaintiffs from correcting the alleged wrongs by denying Plaintiffs' request for arbitration (doc. 1, ¶¶ 1-12).

On October 28, 2010, the Board filed its motion (doc. 11) to dismiss Plaintiffs' claims. The Board asserts that it is not a natural or juridical person

1

under Louisiana law and therefore does not possess the requisite capacity to be sued (doc. 11). On November 8, 2010, Plaintiffs filed their opposition (doc. 14). Plaintiffs assert only that the Board may be sued because it is the primary decision-making body for a private, for-profit entity (doc. 13).

Under Fed. R. Civ. P. 17, a party must have the capacity to sue or be sued, and under Fed. R. Civ. P. 12(b)(6), a plaintiff's complaint may be dismissed if the defendant lacks capacity to be sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). Under Fed. R. Civ. P. 17(b), the capacity to sue or be sued of a party who is neither an individual nor a corporation is determined as "by the law of the state where the court is located." Under Louisiana law there are two classes of persons capable of suing and being sued: natural persons—human beings—and juridical persons—"entit[ies] to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24.

However, in lieu of dismissing a plaintiff's complaint because it names a party without capacity to be sued, a district court may instead permit the plaintiff to amend the complaint to name a party with the capacity to be sued, so long as the requirements of Fed. R. Civ. P. 15 are met. *See, e.g.*, *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1146 (5th Cir. 1970). Under Fed. R. Civ. P. of 15(a)(2), a party may amend its pleading at any time before trial either "with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires.January 24, 2011.

Here, the Board is neither an individual nor a corporation, and so under Federal Rule of Civil Procedure 17(b), its capacity to be sued is determined Louisiana law. Under Louisiana law, the Board is neither a natural person nor a juridical person, such as a corporation or partnership, and so it is not capable of being sued. However, Guaranty Bank & Trust Co. *is* a juridical person under Louisiana law, even though its Board is not. In keeping with the goal of Federal Rule of Civil Procedure 15—that a "court should freely give leave when justice so requires"—the Court will deny Defendant's motion (doc. 11) to dismiss, and permit Plaintiffs to amend their complaint to name Guaranty Bank & Trust Co. as a party.

## CONCLUSION

Accordingly, Defendant Board of Directors of Guaranty Bank & Trust Co., New Roads, Louisiana's motion (doc. 11) to dismiss is hereby DENIED. Plaintiff shall have ten (10) days from the date of this order to file an amended complaint. Defendant shall have ten (10) days from the date the amended complaint is filed to file its opposition.

Signed in Baton Rouge, Louisiana, this 24th day of January, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**