UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PETER JAMES WILLIAMS, ET UX

VERSUS

UNITED STATES DEPARTMENT
OF AGRICULTURE, ET AL

CIVIL ACTION

NO. 10-610-JJB-CN

## RULING ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM

This matter is before the Court on Defendant Guaranty Bank & Trust Co.'s ("GBTC") Motion (doc. 20) to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim. Plaintiffs Peter and Alfreda Williams have filed an opposition (doc. 22) to which Defendant filed a reply (doc. 24). For the reasons stated herein, Defendant's motion (doc. 20) is GRANTED.

This case arises out of the alleged improper denial of federal disaster relief on the basis of racial animus by the USDA and GBTC. On June 22, 2000 Plaintiffs Peter and Alfreda Williams ("the Williams")—both African-Americans—were approved for a USDA guaranteed Farm Service Agency ("FSA") Loan of $383,200 for operating expenses and $113,850 for equipment through GBTC (doc. 19). Upon receiving the loan, Plaintiffs began to operate a hardwood seedling farm, allegedly to the dismay of the Caucasian hardwood seedling farmers in the community. Despite the community's alleged disapproval, Plaintiffs' operation was successful (doc. 1).

1

However, in October and November 2002, Plaintiffs farm was hit by tropical storms Isadore and Lilli (doc. 19). On October 31, 2002, the Williams made their first request for disaster relief to the FSA. However, Plaintiffs never received the requested assistance. Over the course of the succeeding two years, the FSA failed to provide assistance because it claimed it was missing necessary documentation, despite the fact that Plaintiffs allegedly repeatedly sent the requested documentation and made numerous calls expressing the direness of their circumstances (doc. 19). Moreover, because of the delay, Plaintiffs applied for an Emergency Operating Line of Credit (doc. 19). However, the Williams' application was denied for lack of credit-worthiness, allegedly because GBTC and FSA colluded to disseminate sensitive personal information for the purpose of tarnishing Plaintiffs' reputation in the community (doc. 19).

In addition, GBTC foreclosed on Plaintiffs property, in 2004, despite that Plaintiffs' federal disaster assistance applications had not been finally approved or denied, allegedly in contravention of USDA guidelines (doc. 19). Lastly, according to Plaintiffs, GBTC collected funds from Plaintiffs, but did not subtract the received funds from the balance of Plaintiff's loan obligation, and thereafter instituted foreclosure proceedings despite that Plaintiffs had paid off their loan, in full (doc. 19).

On September 14, 2010, Plaintiffs filed suit against Defendants USDA and the Board of Directors of GBTC ("the Board") (doc. 1). The USDA was subsequently dismissed (doc. 14) and on February 1, 2011, Plaintiffs amended

their complaint to name GBTC (doc. 19). In their amended complaint, Plaintiffs allege that the Court has subject matter jurisdiction because GBTC colluded with the USDA (1) to "deny, or hinder Plaintiffs' loan process, and create a negative image of credit worthiness;" (2) "to bypass many basic rules and regulations regarding the guaranteed loan collection and loss claim process" leading to premature foreclosure of Plaintiffs' property; and (3) "exchanged personal and farm related documents of the Plaintiff with each other to support a negative image of the Plaintiff and validate their actions and desired outcome of foreclosure and liquidation" (doc. 19). Plaintiffs assert that GBTC and FSA took these actions out of racial animosity towards Plaintiffs (doc. 19).

On February 10, 2011, Defendant filed its Motion (doc. 20) to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim. Defendant asserts that (1) this Court lacks subject matter jurisdiction because its jurisdiction was initially based on the presence of the USDA—which has since been dismissed—as a party, the Parties are both Louisiana domiciliaries and Plaintiffs assert no claim implicating a federal question; and (2) Plaintiffs have failed to state a claim upon which relief can be granted (doc. 20).

On March 3, 2011, Plaintiffs filed their motion in opposition (doc. 22). Plaintiffs simply reassert the claims made in their amended complaint in support of their contention that they have stated claims which support the Court's exercise of subject matter jurisdiction and upon which relief can be granted (doc. 22).

The party invoking federal jurisdiction bears the burden of pleading and proving the court's subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If the party fails to do so, dismissal is appropriate under Fed. R. Civ. P. 12(b)(1). *Id.* Federal courts are courts of limited jurisdiction, and their authority to adjudicate claims must be conferred by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic methods for obtaining federal jurisdiction arise under 28 U.S.C. §§ 1331 and 1332.

Under 28 U.S.C. § 1332, federal district courts have jurisdiction over cases in which "the matter in controversy exceeds the sum or value of $75,000" and "is between citizens of different States." That is, a federal court cannot exercise jurisdiction under section 1332 if any plaintiff shares the same citizenship as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003), cert. denied, 541 U.S. 1073 (2004).

Under 28 U.S.C. § 1331, federal district courts have jurisdiction to hear cases arising under federal law: "the Constitution, laws, or treaties of the United States." A case arises under federal law when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firefighters' Ret. Sys. v. Regions Bank*, 598 F. Supp. 2d 785, 790 (M.D. La. 2008).

Under Title VI of the Civil Rights Act of 1964 ("Title VI"), "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. In order to state a cause of action for a violation of Title VI, the plaintiff must plead facts establishing that the defendant intentionally discriminated on the basis of race, color or national origin. *Price ex rel. Price v. La. Dept. of Educ.*, 329 F.App'x 559, 561 (2009). However, the court is not required to accept mere legal conclusions put forth by the plaintiff. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaint or counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a claimant must provide sufficient factual content for the court to reasonably infer that the claimant is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50.

The Court finds that dismissal is appropriate. First, because both Plaintiffs and Defendant are Louisiana domiciliaries, the Court may not exercise diversity jurisdiction under 28 U.S.C. § 1332. Second, Plaintiffs have also not established the Court's subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiffs have pointed to no authority establishing that Congress intended to create a private right of action for those allegedly injured by a certified disaster relief lender's failure to follow USDA guidelines. Moreover, though Title VI requires intentional

discrimination on the part of the Defendant, Plaintiffs have simply not pled any facts which lead to the plausible conclusion that Defendant acted out of racial animus towards Plaintiffs.

## **CONCLUSION**

Accordingly, the Court hereby GRANTS Defendant Guaranty Bank & Trust Co.'s Motion (doc. 20) to Dismiss for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim.

Signed in Baton Rouge, Louisiana, this 30th day of March, 2011.

Honorable James J. Brady
Middle District of Louisiana